**MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, Plaintiff,**

v.

**Helen SNITE, Ida Frances Underhill and Peter J. Pitchess, Sheriff of the County of Los Angeles, State of California, Defendants.**

United States District Court
S. D. New York.

April 5, 1963.

Brown, Wood, Fuller, Caldwell & Ivey, New York City, for plaintiff, by Earl J. McHugh, New York City.

Philip Gelfand, New York City, for defendant Helen Snite.

WYATT, District Judge.

This motion by plaintiff, made under 28 U.S.C.A. § 2361 in an interpleader action under 28 U.S.C.A. § 1335, is to restrain defendants "from proceeding with any actions now pending or instituting any further actions" affecting the property in suit, already deposited or paid by plaintiff into the registry of this Court.

It appears that defendant Helen Snite is a resident of New York and had a margin brokerage account with plaintiff, which held as collateral the stocks in this account.

Defendant Underhill, a resident of California, commenced an action against Helen Snite and others in a state court in California, which court issued a writ commanding the Sheriff of Los Angeles County to attach all property of defendants within that County. The Sheriff served a copy of this writ on plaintiff at an office maintained by it in that county, along with a notice that "all stocks . . . or interest in any stocks or shares belonging to the within named defendants" were attached under the writ. The notice was not limited to stocks, etc. within the County of Los Angeles. Plaintiff made answer, as required by the Sheriff, showing the stocks held in Helen Snite's account, her debit balance, etc.

Helen Snite then attempted to obtain from plaintiff the stocks in her account but plaintiff, apparently by reason of the California attachment, declined to deliver.

Helen Snite then commenced an action against plaintiff in the New York Supreme Court, New York County to recover the stocks. This action of interpleader followed.

The present motion is opposed by defendant Snite on the sole ground that the California attachment is not valid to reach her shares, about which we are told that they are in corporations not incorporated in California and that the certificates for which were held by plaintiff in New York.

■■ It is not the function of the Court under Section 2361, however, to determine the merits of the several claims. It sufficiently appears that the California sheriff is an adverse claimant and plaintiff should not be required to rely on the assurances of counsel for defendant Snite that the Sheriff's claim is without merit, although it may well so transpire.

Motion granted. Defendants will be restrained until further order of this Court from instituting or prosecuting any proceeding in any State or United States court affecting the property involved in the interpleader action, namely 175 shares of Olin Mathieson Chemical Corporation, 500 shares of Common stock of Fairchild Stratos Corp. and the sum of $18.03.

Settle Order.