**BEAUFORT NAVIGATION, INC., Plaintiff,**

v.

**MED AFRICA LINE S.P.A., Defendant.**

**No. 85 Civ. 6109 (RWS).**

United States District Court, S.D. New York.

Nov. 27, 1985.

Hughes, Hubbard & Reed, New York City (Susan L. Thorner, of counsel), for plaintiff.

Hill, Betts & Nash, New York City, for Interpleader Defendant Resources Warehousing & Consolidation Services; Christopher Raleigh, of counsel.

Walker & Corsa, New York City, for Interpleader Defendant Mare Sarina Eggers Schiffahrts, K.G.; Kathleen V. McQuilling, of counsel.

**OPINION**

SWEET, District Judge.

Beaufort Navigation, Inc. ("Beaufort") brings this motion to confirm an order of

attachment issued against property and debts owing to defendant Medafrica Line S.p.A. ("Medafrica"). Beaufort is also a defendant in a related interpleader proceeding before this court entitled *Chase Manhattan Bank, N.A. v. Resources Warehousing, et al.*, (85 Civ. 4079), but obtained this *ex parte* order of attachment before the Honorable John F. Keenan acting as Emergency Part I Judge. For the reasons set forth below, Beaufort's motion to confirm its attachment is denied.

## FACTS

This controversy arises from the failure of Medafrica, a foreign corporation with its principal place of business in Genoa, Italy, to pay outstanding debts for services rendered by corporations doing business in the United States. Medafrica's bankruptcy and default on its contractual obligations has sent its creditors scrambling to attach Medafrica's property in the United States and to establish collection priority over creditors competing for assets located in the United States. Beaufort's motion is one of five related motions arising from the efforts of creditors to secure a priority lien on the available funds, and their interrelationship requires that the facts pertaining to each be set forth chronologically below.

The first Medafrica creditor to attempt to attach funds was Mare Sarina Eggers Schiffahrts, K.G. ("Mare Sarina") which obtained an order of attachment and served it upon Chase Manhattan Bank ("Chase") on October 2, 1984. Chase was then in possession of cash collateral deposited by Medafrica to secure a letter of credit established on April 2, 1984 in favor of American Motorist Insurance Co. ("AMIC") for the account of Medafrica Line (U.S.A.), Inc. Although Mare Sarina did not move or begin a special proceeding against the funds held by Chase within the ninety day period required by New York Civil Practice Law and Rules ("CPLR") 6214(e), Mare Sarina did move on July 22, 1985 before the Honorable Charles E. Stewart for an order *nunc pro tunc* extending its time to do so, which motion is pending in *Mare Sarina Eggers Shiffahrts K.G. v. Medafrica Lines, S.P.A.*

(84 Civ. 7042), which has been referred to this court as a related case.

On October 15, 1984, Resources Warehousing & Consolidation Services, Inc. and Resources Trucking, Inc. (collectively "Resources") commenced a suit for non-payment of warehousing and trucking charges against Medafrica and Beaufort and also served Chase with its own order of attachment four days later on October 19, 1984. By motion filed March 12, 1985, Resources obtained by court order dated March 29, 1985 granting *nunc pro tunc* extension of time pursuant to CPLR 6214(e) to move or commence a special proceeding against the funds at Chase through May 31, 1985. On November 29, 1984, Resources obtained a judgment by default against Medafrica and on May 6, 1985 moved for an order compelling Chase to pay the monies it was holding into the custody of the U.S. Marshall so that this default judgment could be partially satisfied.

In response to this Resources' motion, Chase commenced an interpleader action on May 31, 1985 which named all of the aforementioned claimants among others, as defendants. At oral argument on Resources' motion on May 31, 1985, the court determined that it would reserve decision on the Resources' motion pending the outcome of Chase Bank's interpleader proceeding. This court also issued an injunction pursuant to 28 U.S.C. § 2361 on July 1, 1985 enjoining the defendants "from instituting any action or other proceeding in any state or United States court affecting the property or the obligation involved in this interpleader action" and "from prosecuting any action or other proceeding in any state or United States court to the extent that defendant's prosecution of such action or proceeding affects the property or obligation involved in this interpleader action." Resources' motion for summary judgment filed on July 1, 1985 in the interpleader proceeding was heard by this court on August 16, 1985 and is still pending, as well as Mare Sarina's motion to extend its time to perfect its attachment, *nunc pro tunc,* as

well as the instant motion by Beaufort, seeking to perfect its attachment.

AMIC attempted to satisfy obligations incurred by Medafrica by drawing down the Chase letter of credit executed in its favor. On December 5, 1984 Chase advised AMIC that this letter of credit would expire on March 22, 1985. On December 28, 1984, AMIC presented a draft to Chase in the amount of $30,000, and Chase made full payment on this draft, drawing approximately half of the $60,000 cash collateral securing the credit line.

AMIC presented Chase with another draft on or about March 7, 1985 in the amount of $60,000 which was rejected by the Bank, and the letter of credit expired on March 22, 1985. AMIC, also a defendant in the interpleader proceeding, then moved to dismiss the interpleader complaint as it pertained to AMIC and moved to sever its counterclaim against Chase for failure to tender payment on the second draft against the letter of credit. This motion was withdrawn by consent at the August 16, 1985 hearing, and Chase was granted leave to amend its interpleader complaint to be added as a claimant/defendant in the action. Chase and AMIC were directed to complete their discovery, with the intention that a resolution of the Chase/AMIC dispute would determine whether Chase properly is holding funds for Medafrica's benefit.

Finally, Beaufort, movant in the present motion, obtained an ex parte order of attachment from the Honorable John F. Keenan on August 7, 1985, and motions this court to confirm this order of attachment as is required by CPLR § 6212(a). Beaufort is also a defendant in the interpleader action commenced by Chase.

In sum, there are four motions relevant to the instant motion by Beaufort: 1) Mare Sarina's motion pursuant to CPLR § 6214(e) to extend its time to move or begin a proceeding against the Medafrica funds held by Chase; 2) Resources' summary judgment motion in the Chase interpleader action; 3) AMIC's motion to dismiss the interpleader complaint as it per-

tains to AMIC and motion to sever its letter of credit counterclaim against Chase (withdrawn by consent), and 4) Chase's motion to amend its complaint and add the bank as a defendant/claimant to the interpleaded fund (granted at oral argument).

## DISCUSSION

Beaufort's attempt to attach the interpleader funds violates both the letter of the injunction and the purpose of the interpleader proceeding in this case.

On July 1, 1985, Chase obtained an order from this court enjoining the defendants, including Beaufort, from commencing any independent proceeding against the fund which is the subject of the interpleader action. The order provided in relevant part:

ORDERED that pursuant to 28 U.S.C. § 2361 and 28 U.S.C. § 1335 defendants are enjoined from instituting any action or other proceeding in any state or United States court affecting the property of the obligation involved in this interpleader action, and

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 2361 and 28 U.S.C. § 1335 defendants are enjoined from prosecuting any action or other proceeding in any state or United States court to the extent that defendants' prosecution of such action or proceding affects the property or obligation involved in this interpleader action.

Beaufort's *ex parte* attachment order is a violation of the terms of this injunction because it "affects the property or obligation involved in this interpleader action." Beaufort claims that this injunction does not prohibit the "mere attachment" of the interpleader fund (Plaintiff's Supplemental Memorandum p. 3), because it only seeks to "protect its priority of position among claimants to that fund, a matter that is now pending before the court." (Plaintiff's Memorandum in Support, p. 7). However, the establishment of a priority lien affects the fund in the profoundest of ways: it preempts the resolution of the competing and interdependent claims of other potential lien creditors, all of whom have abided

by the injunction and have not filed collateral attachment proceedings of their own. Permitting this attachment against the interpleader fund could threaten the centralized adjudication of priorities which the injunction was meant to preserve.

Similarly, Beaufort's attempt to bypass the injunction undermines the purposes of Chase's interpleader action. As the court explained in *Irving Trust Company v. Nationwide Leisure Co.*, 95 F.R.D. 51, 59 (S.D.N.Y.1982), "Interpleader is an equitable device, and its objectives go beyond protection of the stakeholder—especially where, as here, the courts restraining power under 28 U.S.C. § 2361 has been invoked and this litigation may be the only way that claimants can get any sort of recovery." *See also Commercial Union Insurance Co. of N.Y. v. Adams*, 231 F.Supp. 860, 867 (S.D.Ind.1964). This is precisely the case in the situation before us, where there are colorable claims to priority status among various creditors of Medafrica, and these claims far outstrip the concededly meager fund of approximately $30,000.

Beaufort's service of attachment followed the motion of Mare Sarina and that of Resources, occurring over nine months after each had served Chase with an attachment order, and was the only one to be served after the court had issued its injunction pursuant to Chase's interpleader action.

Beaufort offers two cases to support its contention that its attachment is outside the scope of this court's injunction. Beaufort cites *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Snite*, 216 F.Supp. 197 (S.D.N.Y.1963) as evidence that a section 2361 injunction does not prohibit the attachment of an interpleaded fund. However, the attachment in this *Merrill Lynch* case occurred *before* the injunction was entered, not after, as occurred in the case at bar.

Similarly, Beaufort's citation of *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 535, 87 S.Ct. 1199, 1206, 18 L.Ed.2d 270 (1967) ("interpleader was never intended ... he be an all-purpose 'bill of peace'") does more harm than good to its cause. In *State Farm* the language parenthetically stated above was reserved for the situations of "vexing problems of multiparty litigation arising out of a mass tort." *Id.* at 535, 87 S.Ct. at 1206. The *State Farm* court also outlined a different situation in which all actions would be confined to the single interpleader controversy:

There are situations, of a type not present here, where the effect of an interpleader is to confine the total litigation to a single form and proceeding. One such case is where a stakeholder, faced with rival claims to the fund itself, acknowledges—or denies—his liability to one or the other of the claimants. In this situation, the fund itself is the target of the claimants. It marks the outer limits of the controversy. It is, therefore, reasonable and sensible that interpleader, in discharge of its office to protect the fund, should also protect the stakeholder from vexatious and multiple litigation.

*Id.* at 534, 87 S.Ct. at 1205.

This situation is precisely the case at hand, and we decline to permit Beaufort to accomplish an "end run" around the interpleader injunction. Of course, whatever rights Beaufort has vis-a-vis Resources and Mare Sarina are yet to be determined. Indeed, that determination will be reached only if it is determined that a fund exists in the hands of Chase which can be attached. The motion to confirm the order of attachment is denied at this time.

IT IS SO ORDERED.